**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALLEN RAY JOHNSON,
Petitioner-Appellant,

v.                                                                 No. 95-6806

UNITED STATES PAROLE COMMISSION,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CA-94-414-5-F)

Submitted: April 30, 1996

Decided: May 14, 1996

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brenton D. Adams, Dunn, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Eileen C. Moore, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Allen Ray Johnson appeals from the district court's order denying relief on his habeas corpus petition filed under 28 U.S.C. § 2241 (1988). This court has granted Appellee's motion to submit the case on the briefs. Finding no reversible error, we affirm.

Johnson received a twelve-year federal sentence for theft from an interstate shipment. After serving four years in prison, the United States Parole Commission ("Commission") paroled Johnson. But when Johnson violated his parole, the Commission issued a warrant charging him with two parole violations--leaving the district of supervision without permission and violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), for which he received an eleven-year federal sentence. The Commission lodged the parole warrant as a detainer against Johnson.

The Commission then conducted a hearing on March 12, 1986, after which it revoked Johnson's parole, gave him no credit for the time spent on parole, and ordered him to serve the unexpired portion of his original federal sentence after he served the eleven-year sentence for the RICO violation. Johnson completed the RICO sentence on June 5, 1994, and the parole warrant was executed.

Johnson filed his § 2241 petition, claiming that the Commission executed the parole warrant on March 12, 1986, the date on which the Commission conducted its hearing. Based on a March 12 warrant execution date, Johnson asserted that he had served his entire prison term because the remainder of his original federal sentence ran concurrently with the RICO sentence. The district court rejected Johnson's claim, and this appeal followed.

Contrary to Johnson's assertion, the Commission did not execute the parole warrant on March 12, 1986. The Commission is authorized to conduct a combined hearing to address the parole revocation and the initial hearing on the new federal sentence before the execution of the warrant. See 28 C.F.R. § 2.47(b)(i) (1995). At the end of the

2

hearing, the Commission specifically ordered the unexpired portion of Johnson's original federal sentence to commence upon completion of the new sentence on the RICO violation. See Moody v. Daggett, 429 U.S. 78 (1976); 28 C.F.R. § 2.47(e)(2) (1995). Johnson completed service on the RICO sentence on June 5, 1994, and the warrant was executed at that time. Johnson is therefore properly serving the remainder of his original federal sentence. Because we find that the district court properly denied relief on Johnson's claim, we affirm.

AFFIRMED

3